NOT FOR PUBLICATION                                                                                     CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZUWEI JIN, | |
| Plaintiff, | Civ. No. 07-1145 (JAP) |
| v. | |
| MICHAEL CHERTOFF et al., | OPINION |
| Defendants. | |

PISANO, District Judge.

Plaintiff brought this action against Defendants Michael Chertoff ("Chertoff"), Secretary of the Department of Homeland Security, Robert S. Mueller ("Mueller"), Director of the Federal Bureau of Investigation, Emilio T. Gonzalez ("Gonzalez"), Director of the United States Citizenship and Immigration Services ("USCIS") and Paul Novak, Director of the Vermont Service Center of the USCIS (together "Defendants") seeking a writ of mandamus requiring adjudication of Plaintiff's pending I-485 Application to Register Permanent Resident or Adjust Status.  Currently before the Court is Defendants' unopposed Motion to Dimiss for lack of subject matter jurisdiction.  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, the Court grants Defendants' motion and dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff Zuwei Jin ("Plaintiff" or "Jin") brought this suit seeking to compel action on his I-485 application, which has been pending since August 14, 2003, despite Jin's repeated requests

for a final adjudication. Jin alleges that Defendants' delay in adjudicating his application has resulted in hardship because he has been "unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for [n]aturalization as a citizen of the United States." (Compl. ¶ 16). Plaintiff further claims that the delay has resulted in "enormous trouble" for Jin and his wife who frequently travel in and out of the country due to an overseas work assignment. (*Id.*) Based on these allegations, Jin filed a *pro se* Complaint on March 7, 2007, seeking, *inter alia*, an order "requiring Defendants to properly adjudicate [his I-485] application." (Compl. ¶ 19).

In his Complaint, Plaintiff asserts federal subject matter jurisdiction under the following statutes: 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 2201 *et seq.*[1] Defendants now move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on three alternative grounds: (1) the claim is not ripe for judicial review because there has been no final agency decision; (2) the applicable federal statute, 8 U.S.C. § 1255(a), vests the Attorney General with exclusive and discretionary authority to adjudicate applications for adjustment of immigration status, thereby precluding judicial review; and (3) Plaintiff cannot make a showing that the extraordinary remedy of mandamus is proper in this case. Jin did not submit a response to Defendants' Motion to Dismiss.

---

[1] As its name suggests, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* grants federal courts the authority to render declaratory relief. It does not, however, create or grant jurisdiction. Thus, Plaintiff's invocation of the Act is insufficient to demonstrate the existence of federal subject matter jurisdiction over this case.

**II. DISCUSSION**

    *A. Standard of Review under Federal Rule of Civil Procedure 12(b)(1)*

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction.  Further, Federal Rule of Civil Procedure 12(h)(3) requires dismissal "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter."  Unlike the standard that applies to a motion to dismiss premised on Rule 12(b)(6), the burden of persuasion rests with the plaintiff "[w]hen subject matter jurisdiction is challenged under Rule 12(b)(1)."  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (quotation omitted).  Moreover, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

    *B. Analysis*

This case is indistinguishable from *Li v. Gonzalez*, 2007 WL 1303000 (D.N.J. May 3, 2007) and *Serrano v. Quarantillo*, 2007 WL 1101434 (D.N.J. Apr. 9, 2007), in which courts in this district dismissed similar actions to compel for lack of subject matter jurisdiction.  This Court relies upon the reasoning and analysis set forth in *Li* and *Serrano* in reaching the same conclusion here.  Specifically, the Court finds that 8 U.S.C. § 1255(a), which vests the Attorney General with the exclusive authority and discretion to adjudicate an alien's application for status adjustment, makes clear that "this [C]ourt does not have jurisdiction to review [the Attorney General]'s actions or inactions relating to Plaintiff's adjustment of status."  *Serrano*, 2007 WL 1101434, at *2.  The Court further finds that 8 U.S.C. § 1252(a)(2)(B), which "specifically

precludes judicial review notwithstanding the mandamus statutes or any other provision of law," bars Jin's mandamus and APA claims. *Id.* Thus, this Court lacks subject matter jurisdiction over Jin's claim. Although the Court sympathizes with Jin and acknowledges that the delay in processing his I-485 application has resulted in hardship, the Court cannot say that the actions of the USCIS and the Attorney General have been "so unreasonable as to be tantamount to a refusal to process the application." *Id.* at *4. Accordingly, Jin's Complaint is hereby dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III.  CONCLUSION

For the reasons expressed above, the Court grants Defendants' motions and dismisses Plaintiffs' Complaint with prejudice pursuant to Rule 12(b)(1). An appropriate order accompanies this opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  June 29, 2007